IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRUCE HUBERMAN, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| INTERVAL LEISURE | : | |
| GROUP, INC., et al., | : | No. 15-1560 |
| Defendants. | : | |

## MEMORANDUM

**Schiller, J.**                                                                                                                    May 18, 2015

Bruce Huberman sued Defendants Interval Leisure Group, Inc., Interval International, Inc., and Intervalworld.com in the Philadelphia County Court of Common Pleas, asserting state tort law claims arising from injuries suffered on the premises of Defendants' timeshare resort in Playa del Carmen, Mexico. The parties are completely diverse and agree that the amount in controversy exceeds $75,000. Plaintiff argues that this case should be remanded because Defendants' removal was untimely. For the following reasons, Plaintiff's motion is denied.

**I.     FACTS**

Huberman, a citizen of Pennsylvania, filed this lawsuit on November 19, 2014, in the Philadelphia County Court of Common Pleas. (Notice of Removal ¶¶ 1, 8.) Defendant Interval Leisure Group, Inc., is incorporated in Delaware and has its principal place of business in Florida. (*Id.* ¶ 10.) Defendant Interval International, Inc. is incorporated and has its principal place of business in Florida. (*Id.* ¶ 11.) Huberman alleges that he was injured at Defendants' resort in Playa del Carmen, Mexico, when he fell down a slippery flight of steps with no handrail. (Compl. ¶ 5.) As a result, Huberman suffered a "left hand injury, a severe gash and

burst of the left leg, essentially exploding the skin away from the leg, leg and skin ulceration, and flare of blood sugar and diabetes." (*Id.* ¶ 39.) Plaintiff demands damages "in a sum in excess of $50,000.00 plus interest, costs, and attorney's fees" for each count. (*See id.* Counts I-VIII.)

On February 10, 2015, Plaintiff's counsel emailed medical documents to defense counsel. (Defs.' Mem. of Law in Opp. to Pl.'s Mot. to Remand [Defs.' Mem.] at 2.) These documents included several pages of medical records in Spanish from the hospital in Mexico where Plaintiff was treated, Plaintiff's driver's license, a list of Plaintiff's current medications, and a letter from the Pennsylvania Department of Welfare indicating that Plaintiff received no medical or cash benefits. (*Id.* Ex. B.) The documents did not include any medical bills. According to the untranslated medical records, Plaintiff suffered a 9.8-inch laceration to his right leg. (Pl.'s Mot. to Remand [Pl.'s Mot.] ¶ 16.)

On February 24, 2015, Plaintiff's counsel provided defense counsel with photographs revealing the severity of Plaintiff's injuries. (Defs.' Mem. at 3.) Defendants then served Plaintiff with an Answer and New Matter, which included the affirmative defense that "Plaintiff's recoverable damages are not in excess of $75,000." (Notice of Removal Ex. B ¶ 62.) In his Answer to the New Matter, served on March 26, 2015, Plaintiff denied that his damages did not exceed $75,000. (Defs.' Mem. Ex. F ¶ 62.) Defendants removed the case to this Court that same day. (Defs.' Mem. at 2.)

## II.     STANDARD OF REVIEW

Federal courts possess diversity jurisdiction over all civil actions between citizens of different states if the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). Under 28 U.S.C. § 1441(a), defendants in state court may remove "any civil

action . . . of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." Generally, a defendant must remove the case within thirty days of receipt of the initial pleading setting forth the claim for relief. 28 U.S.C. § 1446(b)(1). However, if the initial pleading is not removable, a defendant may file a notice of removal within thirty days after receipt of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b)(3). "Removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) (quotations omitted). If the court determines that federal subject matter jurisdiction does not exist, or that notice of removal was untimely filed, the case must be remanded. 28 U.S.C. § 1447(c).

## III.  DISCUSSION

### A.  Plaintiff's Complaint

The Court must first determine whether Plaintiff's initial complaint was sufficient to trigger the thirty-day removal period.[1] "The thirty-day period begins to run when a defendant can reasonably and intelligently conclude from the pleadings that the amount in controversy exceeds the jurisdictional minimum." *Sims v. PerkinElmer Instruments, LLC*, Civ. A. No. 04-3773, 2005 WL 746884, at *2 (E.D. Pa. Mar. 31, 2005) (quoting *Carroll v. United Air Lines*, 7 F. Supp. 2d

---

[1] Plaintiff does not argue that this Court lacks subject matter jurisdiction over this case, and concedes in his Answer to Defendants' New Matter that the amount in controversy exceeds $75,000. The Court is satisfied that it has subject matter jurisdiction. *See Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) (holding that when complaint does not expressly limit the amount in controversy to below the jurisdictional minimum, plaintiff must prove to a legal certainty that he could never recover more than $75,000 in order to defeat subject matter jurisdiction). The Court's inquiry here is limited to *when* Defendants became aware that the amount in controversy exceeded $75,000.

3

516, 521 (D.N.J. 1998)). Numerous decisions from this District have held that complaints similar to the one at issue here, which allege physical injuries and demand damages "in excess of $50,000," are legally insufficient to allow a defendant to conclude that the amount in controversy exceeds $75,000. *See, e.g.*, *Judge v. Phila. Premium Outlets*, Civ. A. No. 10-1553, 2010 WL 2376122, at *5 (E.D. Pa. Jun. 8, 2010); *Inaganti v. Columbia Props. Harrisburg LLC*, Civ. A. No. 10-1651, 2010 WL 2136597, at *5 (E.D. Pa. May 25, 2010); *Bishop v. Sam's East, Inc.*, Civ. A. No. 08-4550, 2009 WL 1795316, at *3-4 (E.D. Pa. Jun. 23, 2009); *Brown v. Modell's PA II, Inc.*, Civ. A. No. 08-1528, 2008 WL 2600253, at *2 (E.D. Pa. Jul. 1, 2008).

For example, the complaint in *Judge* contained allegations that the plaintiff suffered from various physical and emotional injuries, and incurred medical expenses and reduced earning capacity, as a result of a slip and fall. 2010 WL 2376122, at *5. The complaint did not specify the plaintiff's medical expenses, the cost of future medical treatment, or the amount of lost earnings, and did not identify a medical condition that would clearly be sufficient to exceed the $75,000 threshold. *Id.* The *Judge* court concluded that the complaint did not place the defendant on notice that the amount in controversy exceeded $75,000. *Id.*

Similarly, the Complaint here contains general allegations of physical and emotional injuries, cosmetic disfigurement, loss of earning capacity, future medical expenses, and loss of life's pleasures. (Compl. ¶¶ 39-45.) The Complaint does not indicate how much Plaintiff spent or expects to spend on medical treatment, and does not specify the amount of his lost wages or reduction in earning capacity. Furthermore, the allegations of injury to Plaintiff's left hand and left leg, while serious, do not carry any special significance that should have notified Defendants that Plaintiff's damages exceeded $75,000. Therefore, the Court agrees with the weight of authority in this District and concludes that the Complaint was not sufficient to establish

Plaintiff's damages to the degree of certainty necessary to trigger Defendants' thirty-day removal deadline.

### B.     Plaintiff's Preliminary Medical Documents

Plaintiff argues that the preliminary medical documents provided to defense counsel on February 10, 2015, were "other papers" which gave sufficient notice that his damages exceeded $75,000. (Pl.'s Mot. ¶¶ 14-18.) While the Third Circuit has not defined "other papers" for purposes of the removal statute, this District has interpreted the phrase broadly to include discovery and correspondence between counsel. *Minissale v. State Farm Fire & Cas. Co.*, 988 F. Supp. 2d 472, 477 (E.D. Pa. 2013) (citations omitted); *see also Broderick v. Dellasandro*, 859 F. Supp. 176, 178 (E.D. Pa. 1994) (stating that notice that the case is removable may be communicated formally or informally in writing). The Court therefore concludes that the medical documents provided to defense counsel on February 10, 2015 qualify as "other papers" for purposes of removal analysis.

However, the Court disagrees with Plaintiff's assertion that Defendants could have recognized the severity of Plaintiff's injuries from the preliminary medical documents. According to Plaintiff, a Google translation indicates that Plaintiff's injury ". . . produces about 25 cm [9.8 inches] with compromised skin subcutaneous tissue muscle cell level facia right leg . . . ." (Pl.'s Mot. ¶ 16). Not only does this translation appear to be incomprehensible, the mere fact that Plaintiff sustained a 9.8-inch wound has no legal significance in determining whether his damages exceed $75,000. The Court must conduct an objective evaluation of the contents of the "other papers," and may not engage in "arduous inquiries into [a] defendant's state of mind." *Bouchard v. CBS Corp.*, Civ. A. No. 11-66720, 2012 WL 1344388, at *5-6 (E.D. Pa. Apr. 17, 2012) (quoting *Foster v. Mut. Fire Marine & Inland Ins. Co.*, 986 F.2d 48, 53 (3d

Cir. 1993), overruled on other grounds by *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214 (3d Cir. 2005)). Here, the preliminary medical documents do not include Plaintiff's medical expenses or describe injuries that would reasonably notify Defendants that the amount in controversy exceeded $75,000. The Court will not be involved in protracted litigation over defense counsel's knowledge of medical terminology or understanding of the Spanish language. Therefore, the Court rules that Plaintiff's service of preliminary medical documents on February 10, 2015 was insufficient to trigger Defendants' thirty-day removal window.

### C.     Plaintiff's Photographs and Answer to Defendants' New Matter

On February 24, 2015, Plaintiff's counsel provided defense counsel with photographs detailing Plaintiff's injuries. On March 26, 2015, Plaintiff served his Answer to Defendants' New Matter, and Defendants immediately removed the case. According to defense counsel, it was not until receipt of these photos that Defendants arguably had reason to believe that the amount in controversy exceeded $75,000. (Defs.' Mem. at 3.) However, since the Court concludes that removal was timely based on either the photographs or the Answer, the Court need not determine whether the photographs were sufficient to place Defendants on notice that the amount in controversy exceeded the jurisdictional minimum.

### D.     Plaintiff's Claim for Treble Damages

Finally, Plaintiff argues that his inclusion of a claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") should have put Defendants on notice that the amount in controversy exceeded $75,000. A court may award treble damages, attorney fees, and any additional relief it deems necessary and proper for violations of the UTPCPL. 73 P.S. § 201-9.2(a). However, this claim does not change the Court's analysis. The amount in controversy is not measured by the low end of an open-ended claim, or by an unrealistic or

wishful high end, but by a reasonable valuation of the rights being litigated. *Judge*, 2010 WL 2376122, at *3 (citations omitted). The Court has already concluded that Plaintiff's complaint was too indeterminate to put Defendants on notice that his damages exceeded $75,000. Adding an additional UTPCPL claim, for which the Court might award treble damages at its discretion, does not alter the fact that Plaintiff's baseline damages cannot be ascertained to a legal certainty. *Compare Suber v. Chrysler Corp.*, 104 F.3d 578, 586-88 (3d Cir. 1997) (concluding that complaint could have satisfied amount in controversy requirement when plaintiff's damages for breach of warranty were a sum certain, and New Jersey Consumer Fraud Act provided for mandatory treble damages). Therefore, Plaintiff's UPTCPL claim did not trigger the thirty-day removal window.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand is denied. An Order consistent with this Memorandum will be docketed separately.