IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRUCE HUBERMAN, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| INTERVAL LEISURE | : | |
| GROUP, INC., et al., | : | No. 15-1560 |
| Defendants. | : | |

## MEMORANDUM

**Schiller, J.**                                                                                            June 24, 2015

Bruce Huberman sued Defendants Interval Leisure Group, Inc., Interval International, Inc., and Intervalworld.com in the Philadelphia County Court of Common Pleas, asserting state tort law claims arising from injuries suffered on the premises of Defendants' resort in Playa del Carmen, Mexico. After Defendants removed the case to federal court, this Court denied Plaintiff's motion to remand on May 18, 2015. Presently before the Court is Defendants' motion to dismiss and/or transfer venue to the state or federal courts in Miami-Dade County, Florida. For the following reasons, Defendants' motion is denied.

## I.    BACKGROUND

Huberman is the significant other of Rona Cohan, a timeshare owner and client of Defendants. (Compl. ¶ 1.) On May 24, 2003, Cohan purchased a one-week timeshare at the AmeriSuites Vacation Club at Calypso Cay in Kissimmee, Florida. (Defs.' Mot. to Dismiss/Transfer Venue [Defs.' Mot.] Ex. C.) At the same time, Cohan also applied for membership in Interval International's vacation exchange program. (*Id.*) The vacation exchange program allows timeshare owners to exchange their occupancy right for alternate

accommodations at a participating resort. (*Id.* ¶ 6.) Cohan received a copy of the Terms and Conditions of Membership, along with a Buyer's Guide, which included the following language:

> The terms and conditions of membership with II [Interval International] and the use of the Exchange Program shall be construed under the laws of the State of Florida. By maintaining Individual Membership in II, Members consent to the exclusive subject matter and personal jurisdiction of the courts in Miami-Dade County, Florida. In the event of litigation between the parties, the prevailing party shall be entitled to all costs incurred, including reasonable attorneys' fees.

(*Id.* Ex. C ¶ 12, Ex. D ¶ 10.) The current 2014 Buyer's Guide contains identical language. (*Id.* Ex. E ¶ 10.)

On June 19, 2014, Cohan used the exchange program to book Huberman's vacation at Defendants' Palm at Playa resort in Playa del Carmen, Mexico. (*Id.* Ex. B.) While on vacation, on July 13, 2014, Huberman slipped and fell on a wet staircase near the resort's pool area and suffered serious injuries. (Compl. ¶ 5.) The stairs allegedly lacked a handrail or a slip-free surface. (*Id.*) Since Huberman was not a member of Interval, he was only able to gain access to the Palm at Playa resort by virtue of Cohan's membership in the vacation exchange program. (Defs.' Mem. of Law in Supp. of Mot. to Dismiss/Transfer Venue [Defs.' Mem.] at 3.) Huberman then sued Defendants, asserting claims of negligence, negligent misrepresentation, deceit, fraud, negligent performance, respondeat superior, and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Act. The only issue presently before the Court is whether the forum selection clause found in Cohan's Terms and Conditions of Membership requires Huberman to sue Defendants in the courts of Miami-Dade County, Florida.

## II. STANDARD OF REVIEW

"For the convenience of parties and witnesses, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or

division to which all parties have consented." 28 U.S.C. § 1404(a). In diversity cases, federal law governs the effect to be given to a forum selection clause. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995).

When a motion to transfer under § 1404 involves a forum selection clause, the court must undertake a two-part analysis. *Silvis v. Ambit Energy, L.P.*, ___ F. Supp. 3d ___, 2015 WL 1134780 (E.D. Pa. Mar. 13, 2015). First, the court must determine whether the forum selection clause is valid and enforceable. *Id.* Second, the court must then consider whether "extraordinary circumstances unrelated to the convenience of the parties" counsel against granting the motion. *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. Tex.*, 134 S. Ct. 568, 581 (2013). The court "may consider arguments about public-interest factors only." *Id.* at 582. Relevant public interest factors include (1) administrative concerns and court congestion, (2) local interests in having local cases decided at home, and (3) the interest in having a diversity case tried in a forum that is familiar with the substantive law. *Id.* at 586 n. 6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). When a valid and enforceable forum selection clause is present, plaintiff's choice of forum is given no weight. *Id.* at 581.

**III.  DISCUSSION**

Forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S/ Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). There is no evidence that Cohan was induced into agreeing to the forum selection clause by "fraud, undue influence, or overweening bargaining power." *Id.* at 12. Huberman does not dispute the presumptive validity of the forum selection clause, at least as applied to Cohan. (Pl.'s Mem. of Law in Supp. of Pl.'s Reply to Defs.' Mot. to Transfer Venue and/or Dismiss [Pl.'s Mem.] at 2.)

3

Huberman argues, however, that he is merely an incidental third party beneficiary of the contract between Cohan and Interval, and thus is not bound by the forum selection clause contained in the Terms and Conditions of Membership. (Pl.'s Mem. at 2.) In response, Interval claims that: (1) Huberman's status as a third party beneficiary binds him to the forum selection clause, and (2) Huberman was so closely related to Cohan that it was foreseeable that he would be bound by her contract with Interval. (Defs.' Mem. at 6.)

A.  **Huberman's Third Party Beneficiary Status**

When, as here, a contract does not expressly confer third party beneficiary status on an individual, Pennsylvania applies a two-part test to determine whether the third party is nevertheless an intended beneficiary:

> (1) The recognition of the beneficiary's right must be "appropriate to effectuate the intention of the parties," and (2) the performance must "satisfy an obligation of the promisee to pay money to the beneficiary" or "the circumstances indicate that the promise intends to give the beneficiary the benefit of the promised performance."

*Guy v. Liederbach*, 459 A.2d 744, 751 (Pa. 1983) (quoting Restatement (Second) of Contracts § 302 (1979)). A third party beneficiary who is not an intended beneficiary is an incidental beneficiary. *Id.*

The Court determines that Huberman is merely an incidental third party beneficiary of the contract between Cohen and Interval. Interval has presented no evidence that Huberman was anything more than an incidental beneficiary of Cohan's membership. Cohan entered into the timeshare agreement with Interval in 2003, more than eleven years prior to Huberman's vacation. Further, there is no indication that Interval intended to give the benefit of its promised performance under the contract to Huberman rather than the actual signatories of the agreement. Interval's theory would effectively bind all of Cohan's social guests and invitees to a forum

4

selection clause in a contract of which they had little notice or awareness. *See Prinzivalli v. Aruba Phoenix Beach Resort*, Civ. A. No. 06-6004, 2008 WL 802331, at *2 (D.N.J. Mar. 20, 2008). This Court will not adopt such a broad interpretation of the third party beneficiary doctrine.

Interval's reliance on *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190 (3d Cir. 1983) is misplaced. Interval argues that, in *Coastal Steel*, the Third Circuit "firmly rejected plaintiff's anticipated argument that the forum selection clause does not apply to him as a nonsignatory to the Membership Agreement." (Defs.' Mem. at 6). This characterization of *Coastal Steel* is inaccurate. In *Coastal Steel*, the plaintiff, Coastal Steel, sued a contractor and a subcontractor when the subcontractor delivered a faulty blast unit. 709 F.2d at 193. The contract between the contractor and subcontractor contained a forum selection clause which granted exclusive jurisdiction to the courts of England. *Id.* The court ruled that Coastal Steel was bound by the forum selection clause, as the subcontract was intended to benefit Coastal Steel, and any duties owed by the subcontractor to Coastal Steel arose from that agreement. *Id.* at 203.

In contrast, Cohan and Interval did not intend for Interval to give the benefit of its performance under the Membership Agreement to Huberman. Further, Huberman is suing Interval in tort for its alleged negligence in maintaining the premises. Interval's duty to Huberman did not arise from the Membership Agreement, but from a general duty of care owed to its resort guests. *See Prinzivalli*, 2008 WL 802331, at *2. Under *Coastal Steel*, "a third party beneficiary will *only* be bound by the terms of the underlying contract where the claims asserted by that beneficiary arise from its third party beneficiary status." *E.I. DuPont de Nemours and Co. v. Rhone Poulenc Fiber & Resin Intermediates*, 269 F.3d 187, 197 (3d Cir. 2001) (emphasis in

5

original). *Coastal Steel* is thus distinguishable, and does not affect Huberman's argument that the forum selection clause is inapplicable to his claims.

Therefore, since Huberman is an incidental third party beneficiary, the Court concludes that he is not bound by the forum selection clause. *Cf. DuPont*, 269 F.3d at 196-98 (declining to enforce arbitration clause in joint venture contract against nonsignatory parent company, as parent company merely happened to benefit from the success of its subsidiaries, and its claims arose from tortious misrepresentations).

### B. Huberman's Close Relationship to the Contractual Agreement

Interval next argues that Huberman is so closely related to the Membership Agreement between Cohan and Interval that it was foreseeable for him to be bound by its terms. The Court disagrees. In the Third Circuit, "nonsignatory third parties who are closely related to [a] contractual relationship are bound by forum selection clauses contained in the contracts underlying the relevant contractual relationship." *AAMCO Transmissions, Inc. v. Romano*, 42 F. Supp. 3d 700, 708 (E.D. Pa. 2014) (quoting *First Fin. Mgmt. Grp., Inc. v. Univ. Painters of Balt., Inc.*, Civ. A. No. 11-5821, 2012 WL 1150131, at *3 (E.D. Pa. Apr. 5, 2012)). In determining whether the third party is "closely related," the court may consider factors such as (1) the nonsignatory's involvement in the negotiations, (2) the relationship between the nonsignatory and signatory, (3) whether the nonsignatory received a direct benefit from the agreement, and (4) whether the nonsignatory should have reasonably foreseen governance by the clause. *See Carlyle Inv. Mgmt. LLC v. Moonmouth Co. S.A.*, 779 F.3d 214, 219 (3d Cir. 2015); *First Fin. Mgmt. Grp.*, 2012 WL 1150131, at *3.

Here, the circumstances indicate that Huberman was not so closely related to the contract as to be bound by the forum selection clause. First, Huberman was not a party to Cohan and

Interval's negotiations, which took place eleven years prior to his accident. Second, Huberman was a social guest of his long-term significant other, Cohan, not a business partner or spouse. Huberman was not Cohan's agent, nor were Huberman and Cohan attempting to structure their dealings to evade the terms of the Membership Agreement. *Compare AAMCO*, 42 F. Supp. 3d at 710 (holding that forum selection clause in agreement between AAMCO and franchisee also applied to franchisee's wife, due to their spousal relationship and her ownership interest in a transmission center alleged to have violated a noncompete agreement). Third, as already discussed at length, any benefits Huberman received from Cohan's membership were merely incidental. Finally, Huberman could not have foreseen being bound by the forum selection clause because his tort claims do not arise from the contractual relationship between Cohan and Interval. Huberman could not have reasonably foreseen that Interval's alleged negligence would cause him to slip and fall, or that he would be bound by a clause in a Membership Agreement of which he had little or no knowledge. Therefore, the Court concludes that Huberman is not so closely related to Cohan's Membership Agreement such that he should have expected to be bound by the forum selection clause contained within.

## IV.    CONCLUSION

For the aforementioned reasons, Defendants' Motion to Dismiss and/or Transfer Venue is denied. An Order consistent with this Memorandum will be docketed separately.